IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK JARAMILLO, STEVE DURAN,
RAILYARD BREWING COMPANY, LLC,
RINGSIDE ENTERTAINMENT, LLC,

    Plaintiffs,

    v.                                                  Civ. No. 17-673 JB/SCY

DAVID FREWING, U.S. BOWLING
CORPORATION, a Nevada corporation,
and CRAIG DILL, Chapter 11 Trustee.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Plaintiff Rick Jaramillo's Motion to Set Aside Final Judgment and Allow Plaintiff Rick Jaramillo To Answer the Defendants' Motion to Dismiss Due to Excusable Neglect ("Motion to Set Aside"), filed September 27, 2018.  Doc. 23.  Defendant Chapter 11 Trustee Craig H. Dill filed a response on October 11, 2018.  Doc. 24.  Defendants David Frewing and U.S. Bowling Corporation filed a response on October 11, 2018.  Doc. 25.  Plaintiff did not file a reply.  This matter was referred to me pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) by United States District Judge James O. Browning on January 16, 2019.  Doc. 28.  Consistent with that Order of Reference, the Court enters these proposed findings and recommended disposition (PFRD) recommending that Plaintiff's Motion to Set Aside be **DENIED** for the reasons explained below.

## I. <u>Background</u>

On June 23, 2017, Plaintiffs filed the present lawsuit against Chapter 11 Trustee Craig Dill, U.S. Bowling, and David Frewing bringing claims for breach of contract, promissory estoppel, and negligent misrepresentation. Civ. No. 17-673, Doc. 1. On October 23, 2017, Defendant Chapter 11 Trustee Craig Dill filed a Motion to Dismiss and to Sanction Plaintiffs. Doc. 8. On November 1, 2017, Defendants David Frewing and U.S. Bowling filed a Motion to Dismiss. Doc. 11. On November 6, 2017, Defendant Chapter 11 Trustee Craig Dill filed an Amended Motion to Dismiss and To Sanction Plaintiff. Doc. 12. On November 15, 2017, Defendants David Frewing and U.S. Bowling filed an Amended Motion to Dismiss, or, in the Alternative, to Stay the Proceeding. Doc. 14. Plaintiffs did not respond to Defendants' Amended Motions to Dismiss. On November 27, 2017, and November 30, 2017, respectively, Defendants filed notices of completion of briefing. Docs. 15 and 16.

On July 24, 2018, the undersigned entered a PFRD and recommended concluding that there was no basis for the Court to exercise federal question jurisdiction and that the Court could not exercise diversity jurisdiction. Doc. 20 at 10-14. The undersigned also recommended that filing restrictions be placed on Plaintiffs to prevent future frivolous lawsuits against Defendant Dill, and recommended the Defendant Dill be granted reasonable attorneys' fees and other expenses in connection with the preparation of his Motion to Dismiss. *Id.* at 14-18. Ultimately, the undersigned recommended that Plaintiffs' Complaint be dismissed with prejudice. *Id.* at 20. The parties were notified pursuant to 28 U.S.C. § 636(b)(1) that if any party wanted to have appellate review of the PFRD, they must file written objections with the Clerk of the District Court within fourteen days of the entry of the PFRD. *Id.* at 18. The failure to do so waived any appellate review. *Id.* None of the parties filed objections.

On August 28, 2018, District Judge James O. Browning entered a Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition. Doc. 21. In doing so, Judge Browning dismissed Plaintiffs' Complaint with prejudice, instructed Defendant Dill to file an affidavit of costs in connection with the preparation of his Amended Motion to Dismiss and to Sanction Plaintiffs, and placed filing restrictions on Plaintiffs to prevent future frivolous lawsuits against Defendant Dill. *Id.* at 10. On August 28, 2018, Judge Browning entered Final Judgment and the case was closed. Doc. 22.

Plaintiff Jaramillo now seeks relief from the Final Judgment.

In seeking relief from the Court's Final Judgment, Plaintiff explains in his Motion to Set Aside that on July 30, 2018, he was in the emergency room with complaints of shoulder and chest pain, and that he was ultimately diagnosed with a torn rotator cuff. Doc. 23 at 1-2. Plaintiff further explains that due to pain and medication, he had problems with sleeping, moving, working and thinking. *Id.* He also states that the July 30, 2018, doctor's orders advised him not to sign any legal documents until he was improved.[1] *Id.* For these reasons, Plaintiff asks this Court to set aside the Final Judgment and allow him to respond to Defendants' Amended Motions to Dismiss. *Id.*

A motion to reopen a case following final judgment proceeds under Fed. R. Civ. P. 60(b). In order to set aside a final order or judgment and reopen a case, a plaintiff must establish one of six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] The Patient Discharge Summary indicates that "[i]f you received sedation [(general anesthesia, deep sedation, or conscious sedation)], please be advised of the following recommendations: . . . [d]o not make important personal/business decisions or sign any legal documents until you are improved . . . ." Doc. 23 at 8. There is no evidence in the Clinical Discharge Summary that Plaintiff Jaramillo received any sedation or narcotic medications while in the emergency room. *See* Doc. 23 at 12-15. Nor is there evidence that Plaintiff Jaramillo received any medication afterwards that would have prevented him from timely filing objections.

3

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances. *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). The motion may not be used as a substitute for direct appeal. *See Servants of Paraclete*, 204 F.3d at 1009.

       Here, Plaintiff asks this Court to set aside the Final Judgment in this case based on excusable neglect. In other words, Plaintiff contends that he has a legitimate excuse for failing to timely respond to Defendants' Amended Motions to Dismiss. In analyzing excusable neglect, the Court must consider "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993). "These include ... [1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* The most important factor is the reason for delay, which alone may preclude a finding of excusable neglect. *United States v. Torres*, 372 F.3d 1159, 1163 (10th

Cir. 2004). "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

      Plaintiff's Motion to Set Aside does not make the showing necessary to set aside the final judgment in this case. Considering the relevant circumstances surrounding Plaintiff's failure to respond, the factors weigh against him. For example, Defendants argue they are entitled to rely on the finality of the Court's final judgment and that it would be manifestly unjust to allow Plaintiff to respond these many months later and further litigate this case, particularly where, as here, the Court considered the merits of Defendants' motions and found that neither federal question nor diversity jurisdiction existed.[2] Doc. 24 at 6. Further, Plaintiff Jaramillo did not just delay in responding to Defendants' Amended Motions to Dismiss, but failed to respond at all, or to seek an extension of time from the Court to do so, in the nine months from the time Defendants filed their Amended Motions to Dismiss until the Court entered final judgment. At most, Plaintiff provides a valid excuse for not working on his objections to the PFRD during one day of the relevant period -- July 30, 2018, the day he was in the emergency room for shoulder pain. Plaintiff did not file his objections one day late, however. Instead, he filed the present motion to set aside more than a month and a half after his objections were due.

      Additionally, Plaintiff's proffered reason for the delay, the most important factor to consider, falls short of providing a valid reason for not timely responding to Defendants' Amended Motions to dismiss, or timely objecting to the PFRD. In other words, Plaintiff does not provide a legitimate excuse to explain his neglect. Lastly, because the Court has previously addressed Plaintiff's utilizing "lawsuits as de facto appeals of adverse determinations[]" and imposed certain filing restrictions on Plaintiff, the Court, with good reason, questions whether

---

[2] Plaintiff Jaramillo did not file a reply and therefore raised no objection to Defendants' argument.

Plaintiff is acting in good faith now by moving to set aside the Final Judgment. Doc. 20 at 16. That aside, the Court nonetheless finds that the other factors overwhelmingly weigh against Plaintiff and that he has failed to demonstrate excusable neglect.

## II.  Conclusion

For the above stated reasons, I recommend that Plaintiff Rick Jaramillo's Motion to Set Aside Final Judgment and Allow Plaintiff Rick Jaramillo To Answer the Defendants' Motion to Dismiss Due to Excusable Neglect be **DENIED.**

_____
STEVEN C. YARBROUGH
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**