IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK JARAMILLO; STEVE DURAN;
RAILYARD BREWING COMPANY, LLC, and
RINGSIDE ENTERTAINMENT, LLC,

      Plaintiffs,

vs.                                                    No. CIV 17-0673 JB\SCY

DAVID FREWING; U.S. BOWLING
CORPORATION, a Nevada corporation,
and CRAIG DILL, Chapter 11 Trustee,

      Defendants.

## ORDER OVERRULING PLAINTIFF JARAMILLO'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff Rick Jaramillo's Motion to Set Aside Final Judgment and Allow Plaintiff Rick Jaramillo to Answer the Defendants' Motion to Dismiss Due to Excusable Neglect, filed September 27, 2018 (Doc. 23)("Motion to Set Aside"). In his Proposed Findings and Recommended Disposition, filed February 1, 2019 (Doc. 29)("PFRD"), the Honorable Steven C. Yarbrough, United States Magistrate Judge for the District of New Mexico, found that Plaintiff Rick Jaramillo's Motion to Set Aside did not make the showing necessary under the excusable neglect standard to set aside the final judgment. See PFRD at 5-6. Judge Yarbrough recommended, therefore, that the Court deny the motion. See PFRD at 1, 6. On February 15, 2019, Jaramillo timely filed his Objection to Proposed Findings and Recommended Disposition to Allow Plaintiff Rick Jaramillo to Answer the Defendants Motion to Dismiss Due to Excusable Neglect and Motions the Court to Set Aside Recommended Disposition and Allow

Plaintiff to Re-File Complaint Against Defendant US Bowling and David Frewing, filed February 15, 2019 (Doc. 30)("Objections").  Jaramillo's Objections are now before the Court.

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition pursuant to 28 U.S.C. § 636 and rule 72 of the Federal Rules of Civil Procedure.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [Magistrate Judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  See 28 U.S.C. § 636(b)(1).  When resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  See 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  United States v. One Parcel of Real Prop., 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered Jaramillo's Motion to Set Aside Judgment; the Defendant Chapter 11 Trustee Craig H. Dill's Objection to Motion to Set Aside Final Judgment and Allow Plaintiff Rick Jaramillo to Answer the Defendants [sic] Motion to Dismiss Due to Excusable

Neglect, filed October 11, 2018 (Doc. 24); the Defendant David Frewing and US Bowling's Joinder and Support of Response (Doc. No. 24) Filed by Defendant Craig Dill, filed October 11, 2018 (Doc. 25); the Magistrate Judge's PFRD, and Jaramillo's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on the Court's review, the Court concludes that Jaramillo's Objections to the Magistrate Judge's PFRD are either waived, or lack a basis in the relevant facts or applied law. In his Objections, Jaramillo, for the first time, seeks the Court's leave to amend his complaint "to name only US Bowling and David Frewing as defendants, and remove Craig Dill as a defendant due to ongoing US Bankruptcy Case involving Mr. Craig Dill." Objections at 1. This issue is waived. See Marshall v. Chater, 75 F.3d at 1426 (finding that issues raised for the first time in objections to the Magistrate Judge's recommendation are deemed waived).

Jaramillo also reargues the reason for his failure to timely respond to Defendant Chapter 11 Trustee Craig H. Dill's Amended Motion to Dismiss and to Sanction Plaintiffs, filed November 6, 2017 (Doc. 12), and Defendant David Frewing and US Bowling's Amended Motion to Dismiss, or, in the Alternative, to Stay the Proceeding, filed November 15, 2017 (Doc. 14)(collectively, "Motions to Dismiss"), i.e., health issues which he experienced in July, 2018, related to shoulder and chest pain. See Objections at 1-2. To this excuse, he adds that, in December, 2017, he was helping a family member secure treatment for a cancer diagnosis and was, therefore, unable to respond to the Defendants' Motions to Dismiss. See Objections at 4-5. The Court agrees with Magistrate Judge Yarbrough that Jaramillo's original stated reasons for failing to respond timely do not constitute excusable neglect.

Regarding Jaramillo's new excuse -- that he was busy helping a family member diagnosed with cancer -- the Court first notes the lateness of this argument. Jaramillo should have presented it in his original motion and, because he did not, the Court need not consider it. See Marshall v. Chater, 75 F.3d at 1426. Even considering the argument and taking Jaramillo's assertion as true, however, the facts Jaramillo asserts fail to advance his argument. First, Jaramillo's responses to the Motions to Dismiss were due in November, 2017 -- before the December, 2017, timeframe Jaramillo asserts he began assisting the family member.[1] Second, Jaramillo's new excuse does not address why he did not respond at all or seek an extension of time to do so, in the nine months from the time that the Defendants filed their Amended Motions to Dismiss until the Court entered Final Judgment. Accordingly, Jaramillo has not provided the Court with a valid reason for his failure to respond to the Defendants' Motions to Dismiss, and has not provided any objections to the remaining legal analysis in the PFRD. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)(instructing that, in analyzing excusable neglect, the court must consider "all relevant circumstances surrounding the party's omission"). See also United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004)(explaining that the most important factor to consider is the reason for the delay).

Following its de novo review, therefore, the Court concludes that the Magistrate Judge Yarbrough's recommendation is not erroneous, arbitrary, contrary to law, or an abuse of discretion. Accordingly, the Court adopts the Magistrate Judge Yarbrough's PFRD and overrules Jaramillo's Objections.

---

[1] The Defendants filed the Motions to Dismiss on November 6, 2017, and November 15, 2017, respectively, making Jaramillo's responses due November 15, 2017, and November 29, 2017. See D.N.M. LR-Civ. 7.4(a).

**IT IS ORDERED** that Plaintiff Rick Jaramillo's Motion to Set Aside Final Judgment and Allow Plaintiff Rick Jaramillo to Answer the Defendants' Motion to Dismiss Due to Excusable Neglect, filed September 27, 2018 (Doc. 23), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Rick Jaramillo
Santa Fe, New Mexico

    *Plaintiff pro se*

Steve Duran
Santa Fe, New Mexico

    *Plaintiff pro se*

Railyard Brewing Company LLC
Santa Fe, New Mexico

    *Plaintiff*

Ringside Entertainment LLC
Albuquerque, New Mexico

    *Plaintiff*

William R. Keleher
Smidt, Reist & Keleher, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants David Frewing and U.S. Bowling Corporation*

Thomas D. Walker
Leslie D. Maswell
Walker & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Craig Dill*